

FILED
BRIAN S. DANIEL
MAY 09 2022
15:05
CIRCUIT CLERK
CLARK COUNTY, ARKANSAS

## IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
### CIVIL DIVISION

**MARCUS A. CHOATE**                                                    **PLAINTIFF**

**VS.**                                   **NO.** 10CV-22-103

**GOOD LUCK EXPRESS,**                                          **DEFENDANTS**
**LLC; JABARON SANDERS;**
**JOHN DOE 1-3; and JOHN**
**DOE ENTITIES 1-3**

### COMPLAINT

COMES NOW the Plaintiff, Marcus A. Choate , by and through his attorneys, RAINWATER,

HOLT & SEXTON, P.A., and for his Complaint against the Defendants, hereby states and alleges the

following:

### I.    RESIDENCY & PARTIES

1.      Plaintiff is a citizen and resident of Fayetteville, Washington County, Arkansas.

2.      Upon the Plaintiff's information and belief, Defendant Good Luck Express, LLC,

(hereinafter referred to as "Good Luck Express"), is a limited liability company licensed to do

business in the State of Arkansas and in good standing with the Kentucky Secretary of State.

3.      Defendant Good Luck Express' principal place of business is located at 2769

Pioneer Drive, Bowling Green, Warren County, Kentucky 42101.

EXHIBIT A

4.      Defendant Good Luck Express' registered agent for service of process for is Aldin Barlov, who can be served at 473 Birchwood Drive, Bowling Green, Kentucky 42104.

5.      Defendant Good Luck Express is registered with the FMSCA and as such is operating pursuant to the DOT identifier of 1489147 and MC Number 36675.

6.      Defendant Good Luck Express, as a motor carrier, is subject to the rules and regulations of the FMCSA.

7.      Upon the information and belief, Separate Defendant Jabaron Sanders (hereinafter referred to as "Sanders") was at all times relevant a resident of Lewisburg, located in Logan County, Kentucky.

8.      The identity and residency of John Doe 1-3 and John Doe Entities 1-3 are unknown to the Plaintiff, and therefore, Plaintiff sues said Separate Defendants under these fictitious names. On information and belief, John Doe 1-3 and John Doe Entities 1-3, (I) are directly associated with the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, OR (II) conspired with the named parties in this case in the performance of the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, OR, (III) acted as principals or agents, actual or ostensible, or other named parties in this case associated with the wrongful acts and omissions described below, although the full extent of their involvement is not known at this time.  Plaintiff thus believes that John Doe 1-3 and John Doe Entities 1-3, are liable for the damages and for other relief sought in this case as participants, co-conspirators, principals, principals or agents, or are otherwise necessary or indispensable party to the adjunction of the issues involved in this case. When the true names and

capacities of John Doe 1-3 and John Doe Entities 1-3 have been ascertained, appropriate amendments of this Complaint will be filed.

9.     Plaintiff's counsel executed a "John Doe Affidavit" in accordance with A.C.A. §16-56-125, and is attached hereto as Exhibit A.

10.     The incident giving rise to this cause of action occurred on Interstate 30 HWY West in Caddo Valley, Clark County, Arkansas on or about September 19, 2020.

## II.     JURISDICTION AND VENUE

11.     This Court has jurisdiction pursuant to Ark. Code Ann. § 16-13-201(a), which provides that circuit courts shall have original jurisdiction of all actions and proceedings for the redress of civil grievances except where exclusive jurisdiction is given to other courts.

12.     Venue is proper pursuant to Ark. Code Ann. § 16-60-101, which provides that all actions for damages for personal injury may be brought in the county where the collision occurred which caused the injury or in the county where the person injured resided at the time of the injury.

## III.     BASIC PREMISE

13.     This is a negligence case which arises from a motor vehicle collision that occurred on Interstate 30 HWY West in Caddo Valley, Clark County, Arkansas.

## IV.     FACTS

16.     On or about September 19, 2020 at approximately 3:23pm, Defendant Sanders was operating a 2014 Volvo tractor (LPN KY A61798) pulling a trailer (LPN KY 77799T) for Defendant Good Luck Express.

17.     Defendant Sanders was traveling eastbound on Interstate 30 in the outside lane near the 78 mile marker.

3

18.     At the same time, Plaintiff was operating a 2018 Freightliner 114SD dump truck in the outside lane on Interstate 30, ahead of Defendant Sanders.

19.     Where Plaintiff and Defendant Sanders were driving, Interstate 30 eastbound has two eastbound lanes.

20.     Plaintiff had slowed down to traffic ahead, due to a previous accident near the 82 mile marker.

21.     As Defendant Sanders approached the Plaintiff's vehicle and the traffic slowed for the accident, Defendant Sanders failed to adjust his speed to traffic stopped ahead and attempted to change lanes instead.

22.     Defendant Sanders failed to stop his tractor and collided with Plaintiff's passenger side of his vehicle.

23.     Defendant Good Luck Express was the motor carrier for the 2014 Volvo Truck and trailer operated by Defendant Sanders.

24.     Defendant Good Luck Express was engaged in a business affecting interstate commerce that owned or leased the 2014 Volvo tractor, a commercial motor vehicle, and Defendant Good Luck Express assigned Defendant Sanders to drive the 2014 Volvo tractor and trailer in connection with Defendant Good Luck Express' business.

25.     Defendant Good Luck Express allowed Defendant Sanders to drive the truck and trailer in the normal course and scope of his employment for Defendant Good Luck Express that "directly affects commercial motor vehicle safety".

26.     At the time of the collision, Separate Defendant Sanders was acting within the course and scope of his employment and/or agency with Separate Defendant Good Luck Express.

4

27.     Defendant Good Luck Express failed to enact sufficient policies and procedures to ensure that Defendant Sanders was sufficiently trained and supervised that stopping on a U.S. Highway in the manner described above.

28.     The negligent actions by Defendant Sanders are imputed upon his employer, Defendant Good Luck Express by operation of law through *respondeat superior*.

29.     Defendant Good Luck Express' direct acts of negligence described herein contributed to the injuries and damages suffered by Plaintiff.

30.     As a result of Defendants' negligence, Plaintiff sustained personal injuries and damages.

## V.     <u>CAUSE OF ACTION NO. ONE - NEGLIGENCE OF DEFENDANT SANDERS</u>

31.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

32.     Defendant Sanders was negligent when he failed to stop Defendant Good Luck Express' tractor and trailer.

33.     Defendant Sanders, was negligent in the following particulars:

(a)     Driving in such a careless manner as to evidence a failure to keep a proper lookout for other traffic, in violation of Ark. Code Ann. § 27-51-104(a);

(b)     Driving in such a careless manner as to evidence a failure to maintain proper control, in violation of Ark. Code Ann. § 27-51-104(a), (b)(6) & (b)(8);

(c)     Operating a vehicle in such a manner which would cause a failure to maintain control, in violation of Ark. Code Ann. § 27-51-104(b)(6);

(d)     Driving in a manner that was inattentive and such inattention was not reasonable and prudent in maintaining vehicular control, in violation of Ark. Code Ann. § 27-51-104(b)(8);

(e)    Failing to keep a lookout for other vehicles, in violation of the common law of Arkansas;

(f)    Failing to keep his vehicle under control, in violation of the common law of Arkansas;

(g)    Driving too close to another vehicle, in violation of the common law of Arkansas;

(h)    Otherwise failing to exercise ordinary care under the circumstances.

34.    A reasonably careful person, operating a commercially owned truck and trailer, under similar circumstances, would foresee that the failures in duties of care listed above would result in devastating injuries to other persons traveling on public highways like Plaintiff.

## VI.   CAUSE OF ACTION NO. TWO – DIRECT ACTION OF NEGLIGENCE AGAINST DEFENDANT GOOD LUCK EXPRESS

35.    All of the allegations previously pled herein are re-alleged as though stated word-for-word.

36.    Defendant Good Luck Express was negligent in the following particulars:

(a)    Failing to adequately train, educate, direct, prepare, set policy and/or give guidance to its drivers regarding safe driving practices;

(b)    Failing to exercise ordinary care with respect to training, educating, directing, preparing, setting policy and/or giving guidance to its drivers regarding safe driving practices; and

(c)    Otherwise failing to exercise ordinary care under the circumstances existing.

37.    In addition, Defendant Good Luck Express failed to use ordinary and reasonable care required under the circumstances by engaging in the following separate and independent acts and omissions:

(a) That Defendant Good Luck Express failed to properly train, monitor and supervise Defendant Sanders in the safe operation of the tractor trailer truck when approaching hazards;

(b) That Defendant Good Luck Express failed to properly train, monitor and supervise Defendant Sanders about the duties imposed upon him by the FMSCA and as a holder of a CDL;

(c) That Defendant Good Luck Express knew or should have known that Defendant Sanders was not competent, satisfactory, qualified, or safety-conscious enough to operate the tractor-trailer he was employed to drive;

(d) That Defendant Good Luck Express misjudged and/or overestimated the skills and ability of Defendant Sanders to drive the tractor-trailer; and

38.     That Defendant Good Luck Express failed to comply with industry standards as set forth by the DOT and relevant federal regulations dictated for motor carriers in properly training drivers such as Defendant Sanders, which is evidence of negligence, including but not limited to the following particulars:

(a)     Failing to design, develop, and implement adequate safety management controls related to turn management, space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, route planning, initiation of hazard warning signals, and/or distracted driving awareness;

(b)     Failing to train Defendant Sanders regarding space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, route planning, initiation of hazard warning signals, and/or distracted driving awareness;

(c)     Supervision of its business operations in failing to properly monitor the driving habits and records of its drivers, employees, and/or agents, specifically Defendant Sanders;

(d)     Supervision of its drivers, employees, and/or agents, specifically Defendant Sanders;

(e)   Instruction of its drivers, employees, and/or agents, specifically Defendant Sanders;

(f)   Compliance with federal and/or state regulation and industry standards, as referenced in this Complaint and as developed during the discovery of this case;

(g)   Failing to utilize available information and technology to properly monitor its drivers, employees, and/or agents, specifically the Defendant Sanders for compliance with company policies and/or state and federal regulations;

(h)   Failing to budget an appropriate amount of money to design, develop, and implement safety management controls in the areas of space management, seeing ahead, total stopping distance, hazard perception, accident countermeasures, route planning, proper turn, proper stops, and fatigue and distracted driving awareness; and

(i)   Failing to utilize available technology to monitor and audit the safety performance of its driver's including Defendant Sanders.

39.   As evidence of common law negligence Defendants are in violation of state and/or federal law, including but not limited to, 49 C.F.R. §383.110, 49 C.F.R. §390.11, 49 C.F.R. §390.3; 49 C.F.R. §392.1; 49 C.F.R. §392.2; 49 C.F.R. §392.22; A.C.A. §27-51-104; A.C.A. §27-51-104; and §27-52-305.

## VII.   CAUSE OF ACTION NO. THREE –RESPONDEAT SUPERIOR LIABILITY

40.   All of the allegations previously pled herein are re-alleged as though stated word-for-word.

41.   At all times relevant, Defendant Sanders was acting within the course and/or scope of his employment with Defendant Good Luck Express.

42.   Defendant Good Luck Express is the employer of Defendant Sanders as defined by FMCSA 390.5.

43.     Separate Defendant Good Luck Express is legally responsible and vicariously liable for the negligence of its employee/agent, Defendant Sanders, through the legal doctrine of *Respondeat Superior*, joint enterprise, and/or the principles of agency as adopted in the State of Arkansas.

44.     The negligence of Separate Defendant Sanders is imputed to Separate Defendant Good Luck Express as a matter of law.

## VIII.    **PROXIMATE CAUSATION**

45.     All of the allegations previously plead herein are re-alleged as though stated word-for-word.

46.     The Defendants' negligence was an actual and proximate cause of the collision described herein and of the personal injuries and damages Plaintiff sustained.

## IX.    **INJURIES AND COMPENSATORY DAMAGES**

47.     All of the allegations previously pled herein are re-alleged as though stated word-for-word.

48.     Plaintiff sustained severe personal injuries and damages as a result of the collision.

49.     Plaintiff is entitled to the following damages:

(a)     the nature, extent, duration, and permanency of his injuries;

(b)     the full extent of the injuries he sustained;

(c)     the expense of his medical care, treatment and services received, including transportation, board and lodging expenses and those expenses that are reasonably certain to be required in the future;

(d)     any pain, suffering and mental anguish experienced in the past and reasonably certain to be experienced in the future;

    (e)    the value of any earnings, earning capacity, profits, or salary lost in the past and that are reasonably certain to be lost in the future; and,

    (f)    any visible results of his injuries.

50.    The injuries and damages described herein have been suffered in the past and will be continuing in the future.

## X.    **DEMAND FOR JURY TRIAL**

51.    Plaintiff hereby demands a trial by jury.

## XI.    **DEMAND & PRAYER**

52.    The Plaintiff demands judgment against the Defendants for a sum in excess of that required for federal court jurisdiction in diversity of citizenship cases and sufficient to fully compensate him for his damages.

53.    The Plaintiff demands judgment against the Defendants for punitive damages and judgment against Defendants for pre-judgment interest and post judgment interest at the maximum rate allowed by law; for reasonable expenses; costs; and for all other proper relief to which he may be entitled.

Respectfully Submitted,
Attorneys for Plaintiff

By:    _____

Jake M. Logan (ABN 2016133)
RAINWATER, HOLT & SEXTON, P.A.
P.O. Box 17250
Little Rock, AR 72222
Telephone:    (501) 868-2500
Telefax:    (501) 868-2508
Email: jlogan@rainfirm.com

**IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS**
**CIVIL DIVISION**

**MARCUS A. CHOATE**                                                                  **PLAINTIFF**

**VS.**                                    **NO. _____**

**GOOD LUCK EXPRESS,**                                                        **DEFENDANTS**
**LLC; JABARON SANDERS;**
**JOHN DOE 1-3; and JOHN**
**DOE ENTITIES 1-3**

<u>**AFFIDAVIT**</u>

Comes now Jake M. Logan, and states, upon oath, the following:

1.       I represent Plaintiff, Marcus A. Choate, in the above matter.

2.       Plaintiff Marcus A. Choate is seeking a judgment against unknown tortfeasors.

3.       The names of the unknown tortfeasors in this action will be designated by the pseudo-name John Doe 1-3 and John Doe Entities 1-3, and will be named as such in the Plaintiff's Complaint.

4.       Upon determining the identity of John Doe 1-3 and John Doe Entities 1-3, the Complaint will be amended by substituting the real name for the pseudo-name.

5.       This affidavit is made pursuant to A.C.A. § 16-56-125.

_____
Jake M. Logan

May 3, 2022
_____
Date

1

**EXHIBIT**

**A**

SWORN AND SUBSCRIBED before me on the __3rd__ day of May, 2022.

_____
Notary Public

My commission expires:

June 19, 2030

SARAH HAMMETT
PULASKI
NOTARY PUBLIC – ARKANSAS
My Commission Expires    JUNE 19, 2030
Commission No. 12711164

2

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
CIVIL DIVISION

**MARCUS A. CHOATE**                                                                    **PLAINTIFF**

**VS.**                            NO. \_\_1 0 CV-2-2-103\_\_

**GOOD LUCK EXPRESS, LLC;**                                          **DEFENDANTS**
**JABARON SANDERS; JOHN**
**DOE 1-3; and JOHN DOE**
**ENTITIES 1-3**

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Good Luck Express, LLC
c/o Aldin Barlov
473 Birchwood Drive
Bowling Green, Kansas 42104

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: **Jake M. Logan, Rainwater, Holt & Sexton, P.A. P.O. Box 17250, Little Rock, Arkansas 72222**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

CLERK OF COURT
Address of Clerk's Office
280 N. College Avenue, Ste 302
Fayetteville, Arkansas 72701

[SEAL]

[Signature of Clerk or Deputy Clerk]
Date: \_\_May 9, 2022\_\_

**No. 1 This summons is for Good Luck Express, LLC**

## PROOF OF SERVICE

❏ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or


❏ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or


❏ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❏ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❏ On_____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____
[name and job description]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❏ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❏ Other [specify]:

❏ I was unable to execute service because:

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

      SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
      [signature of server]

_____
      [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
      [signature of server]

_____
      [printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

      Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

## IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
### CIVIL DIVISION

**MARCUS A. CHOATE**                                              **PLAINTIFF**

**VS.**                          NO. \_10CV-22-103\_

**GOOD LUCK EXPRESS, LLC;**                                       **DEFENDANTS**
**JABARON SANDERS; JOHN**
**DOE 1-3; and JOHN DOE**
**ENTITIES 1-3**

### SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

Jabaron Sanders
240 Rosebud Street Lot 4
Lewisburg, KY 42256

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) — or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas — you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are: **Jake M. Logan, Rainwater, Holt & Sexton, P.A. P.O. Box 17250, Little Rock, Arkansas 72222**

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

**Additional Notices Included:** _____

CLERK OF COURT
Address of Clerk's Office
280 N. College Avenue, Ste 302
Fayetteville, Arkansas 72701

[Signature of Clerk or Deputy Clerk]
Date: May 2, 2022

[SEAL]

**No. 1 This summons is for Jabaron Sanders**

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the defendant at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On_____ [date] at _____ [address], where the defendant maintains an office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with

_____
[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in a lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

❑ I was unable to execute service because:

My fee is $ _____.
  **To be completed if service is by a sheriff or deputy sheriff:**

Date: _____

       SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
       [signature of server]

_____
       [printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____

By: _____
       [signature of server]

_____
       [printed name]

Address: _____

Phone: _____

Subscribed and sworn to before me this date: _____

       Notary Public _____

My Commission Expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2022-Jun-07  13:35:36
10CV-22-103
C09ED01 : 2 Pages

# UNIFORM COVER PAGE

[To be used when required by Administrative Order No. 2 (g)★]

COURT:    CIRCUIT COURT OF CLARK COUNTY

Docket/Case Number: 10CV-22-103


CASE NAME:
PLAINTIFF/
PETITIONER:            Marcus A. Choate


DEFENDANT/
RESPONDENT:            Good Luck Express, LLC; Jabaron Sanders; John Doe 1-3
                       and John Doe Entities 1-3


TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):          Exhibit A - Affidavit of Service - Jabaron Sanders


★Administrative Order No 2.
    (g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).
    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

## <u>AFFIDAVIT OF SERVICE</u>

**State of Arkansas**                     **County of Clark**                     **Circuit Court**

Case Number: 10CV-22-10.3

Plaintiff:
**Marcus A Choate**

vs.

Defendant:
**Good Luck express LLC, Jabaron Sanders. John Doe 1-3 and John Doe Entities 1-3**

For:
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, AR 72222

Received by Fastpro Legal Support Services, LLC on the 19th day of May, 2022 at 12:01 pm to be served on **Mr Jabaron R Sanders, 240 Rosebud Street, Lot 4, Lewisburg, KY 42256**.

I, Alexander MAY, being duly sworn, depose and say that on the **25th day of May, 2022** at 3:50 pm, I:

**INDIVIDUALLY/PERSONALLY** served by delivering a true copy of the **LETTER, SUMMONS, COMPLAINT AND EXHIBITS** with the date and hour of service endorsed thereon by me, to: **Mr Jabaron R Sanders** at the address of: **240 Rosebud Street, Lot 4, Lewisburg, KY 42256**, and informed said person of the contents therein, in compliance with state statutes.

I am a citizen of the United States and over the age of 18, of sound mind and neither a party to or interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on the 30th day of MAY, 2022 by the affiant who is personally known to me. My Commission Expires on 5-68-2024

NOTARY PUBLIC

**Alexander MAY**
Process Server

**Fastpro Legal Support Services, LLC**
**9152 Taylorsville Road**
**#103**
*Louisville, KY 40299*
**(502) 708-1504**

Our Job Serial Number: FAS-2022000802

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2g

EXHIBIT "A"

ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2022-Jun-10  15:05:01
10CV-22-103
C09ED01 : 2 Pages

# UNIFORM COVER PAGE

[To be used when required by Administrative Order No. 2 (g)★]

COURT:       CIRCUIT COURT OF CLARK COUNTY

Docket/Case Number:  10CV-22-103

CASE NAME:
PLAINTIFF/              Marcus A. Choate
PETITIONER:

DEFENDANT/
RESPONDENT:            Good Luck Express, LLC;
                      Jabaron Sanders; John Does
                      1-3; John Doe Entities 1-3

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):            Exhibit A - Affidavit of Service - Good Luck Express, LLC

★Administrative Order No 2.

    (g) *File Mark.* (1) There shall be a two inch (2″) top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

    (2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

## AFFIDAVIT OF SERVICE

**State of Arkansas**                    **County of Clark**                    **Circuit Court**

Case Number: 10CV-22-10.3

Plaintiff:
**Marcus A Choate**

vs.

Defendant:
**Good Luck express LLC, Jabaron Sanders. John Doe 1-3 and John Doe Entities 1-3**

For:
Rainwater, Holt & Sexton
P.O. Box 17250
Little Rock, AR 72222

Received by Fastpro Legal Support Services, LLC on the 19th day of May, 2022 at 12:01 pm to be served on **GOOD LUCK EXPRESS LLC C/O ALDIN BARLOV, RA, 473 Birchwood Dr, Bowling Green, KY 42104**.

I, Alexander MAY, being duly sworn, depose and say that on the **3rd day of June, 2022 at 4:20 pm, I**:

served **GOOD LUCK EXPRESS LLC C/O ALDIN BARLOV, RA** by delivering a true copy of the **LETTER, SUMMONS, COMPLAINT AND EXHIBITS** with the date and hour of service endorsed thereon by me, to: **Aldin Barlov as Registered Agent** for **GOOD LUCK EXPRESS LLC**, at the address of: **473 Birchwood Dr, Bowling Green, KY 42104**, and informed said person of the contents therein, in compliance with state statutes.

I am a citizen of the United States and over the age of 18, of sound mind and neither a party to or interested in the above suit. I have personal knowledge of the facts stated above. I have never been convicted of a felony or misdemeanor involving moral turpitude in any state or federal jurisdiction.

Subscribed and Sworn to before me on the 6th day of JUNE 2022 by the affiant who is personally known to me. My Commission Expires on 1023-03-24

NOTARY PUBLIC

_Alexander May_
**Alexander MAY**
Process Server

**Fastpro Legal Support Services, LLC**
**9152 Taylorsville Road**
**#103**
**Louisville, KY 40299**
**(502) 708-1504**

Our Job Serial Number: FAS-2022000801

Copyright © 1992-2022 Database Services, Inc. - Process Server's Toolbox V8.2g

ELECTRONICALLY FILED
Clark County Circuit Court
Brian Daniel, Circuit Clerk
2022-Jun-24  10:55:15
10CV-22-103
C09ED01 : 15 Pages

IN THE CIRCUIT COURT OF CLARK COUNTY, ARKANSAS
FIRST DIVISION

MARCUS A. CHOATE                                                          PLAINTIFF

V.                                              NO. 10CV-22-103

GOOD LUCK EXPRESS, LLC;
JABARON SANDERS;
JOHN DOE 1-3; AND
JOHN DOE ENTITIES 1-3                                                     DEFENDANTS

## ANSWER OF SEPARATE DEFENDANTS,
## GOOD LUCK EXPRESS, LLC AND JABARON SANDERS

COME NOW Separate Defendants, Good Luck Express, LLC and Jabaron

Sanders, by and through their attorneys, Barber Law Firm PLLC, and for their Answer

to the Complaint of Plaintiff, Marcus A. Choate, state:

### I.      RESIDENCY & PARTIES

1.      That these Defendants are without knowledge or information sufficient to

form a belief as to the truth of the allegations contained within Paragraph 1 of Plaintiff's

Complaint and, therefore, deny the same;

2.      That, in response to Paragraph 2 of Plaintiff's Complaint, these

Defendants admit Good Luck Express, LLC is a Kentucky Limited Liability Company in

good standing with its principal office located at 2769 Pioneer Drive, Bowling Green,

Kentucky 42101;

3.      That these Defendants admit the allegations contained within Paragraph 3 of Plaintiff's Complaint;

4.      That these Defendants admit the allegations contained within Paragraph 4 of Plaintiff's Complaint;

5.      That these Defendants admit the allegations contained within Paragraph 5 of Plaintiff's Complaint;

6.      That these Defendants admit the allegations contained within Paragraph 6 of Plaintiff's Complaint;

7.      That these Defendants admit the allegations contained within Paragraph 7 of Plaintiff's Complaint;

8.      That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 8 of Plaintiff's Complaint and, therefore, deny the same;

9.      That, in response to Paragraph 9 of Plaintiff's Complaint, these Defendants admit an affidavit executed by Plaintiff's counsel is attached to the Complaint as Exhibit A.

10.     That these Defendants admit the allegations contained within Paragraph 10 of Plaintiff's Complaint;

## II.      JURISDICTION AND VENUE

11.     That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 11 of Plaintiff's Complaint and, therefore, deny the same;

12.      That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 12 of Plaintiff's Complaint and, therefore, deny the same;

### III.      BASIC PREMISE

13.      That, in response to Paragraph 13 of Plaintiff's Complaint, these Defendants admit an incident occurred on Interstate 30 in Caddo Valley, Clark County, Arkansas, but deny the remaining allegations contained within Paragraph 13 of Plaintiff's Complaint;

### IV.      FACTS

14.      That these Defendants admit the allegations contained within Paragraph 16 of Plaintiff's Complaint;

15.      That these Defendants admit the allegations contained within Paragraph 17 of Plaintiff's Complaint;

16.      That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 18 of Plaintiff's Complaint and, therefore, deny the same;

17.      That these Defendants admit the allegations contained within Paragraph 19 of Plaintiff's Complaint;

18.      That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 20 of Plaintiff's Complaint and, therefore, deny the same;

19.     That these Defendants deny the allegations contained within Paragraph 21 of Plaintiff's Complaint;

20.     That these Defendants deny the allegations contained within Paragraph 22 of Plaintiff's Complaint;

21.     That these Defendants admit the allegations contained within Paragraph 23 of Plaintiff's Complaint;

22.     That these Defendants admit the allegations contained within Paragraph 24 of Plaintiff's Complaint;

23.     That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 25 of Plaintiff's Complaint and, therefore, deny the same;

24.     That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 26 of Plaintiff's Complaint and, therefore, deny the same;

25.     That these Defendants deny the allegations contained within Paragraph 27 of Plaintiff's Complaint;

26.     That these Defendants deny the allegations contained within Paragraph 28 of Plaintiff's Complaint;

27.     That these Defendants deny the allegations contained within Paragraph 29 of Plaintiff's Complaint;

28.     That these Defendants deny the allegations contained within Paragraph 30 of Plaintiff's Complaint and demand strict proof thereof;

V.     CAUSE OF ACTION NO. ONE-NEGLIGENCE OF DEFENDANT SANDERS

29.     That, in response to Paragraph 31 of Plaintiff's Complaint, these Defendants readopt and reaffirm their responses to Paragraphs 1 through 30 of Plaintiff's Complaint;

30.     That these Defendants deny the allegations contained within Paragraph 32 of Plaintiff's Complaint;

31.     That these Defendants deny the allegations contained within Paragraph 33 of Plaintiff's Complaint, including subparts (a) through (h);

32.     That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 34 of Plaintiff's Complaint and, therefore, deny the same;

VI.     CAUSE OF ACTION NO. TWO-DIRECT ACTION OF NEGLIGENCE
        AGAINST DEFENDANT GOOD LUCK EXPRESS

33.     That, in response to Paragraph 35 of Plaintiff's Complaint, these Defendants readopt and reaffirm their responses to Paragraphs 1 through 34 of Plaintiff's Complaint;

34.     That these Defendants deny the allegations contained within Paragraph 36 of Plaintiff's Complaint, including subparts (a) through (c);

35.     That these Defendants deny the allegations contained within Paragraph 37 of Plaintiff's Complaint, including subparts (a) through (d);

36.     That these Defendants deny the allegations contained within Paragraph 38 of Plaintiff's Complaint, including subparts (a) through (i);

37.     That these Defendants deny the allegations contained within Paragraph 39 of Plaintiff's Complaint;

VII.    CAUSE OF ACTION NO. THREE-RESPONDEAT SUPERIOR LIABILITY

38.     That, in response to Paragraph 40 of Plaintiff's Complaint, these Defendants readopt and reaffirm their responses to Paragraphs 1 through 39 of Plaintiff's Complaint;

39.     That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 41 of Plaintiff's Complaint and, therefore, deny the same;

40.     That these Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained within Paragraph 42 of Plaintiff's Complaint and, therefore, deny the same;

41.     That these Defendants deny the allegations contained within Paragraph 43 of Plaintiff's Complaint;

42.     That these Defendants deny the allegations contained within Paragraph 44 of Plaintiff's Complaint;

VIII.   PROXIMATE CAUSATION

43.     That, in response to Paragraph 45 of Plaintiff's Complaint, these Defendants readopt and reaffirm their responses to Paragraphs 1 through 44 of Plaintiff's Complaint;

44.     That these Defendants deny the allegations contained within Paragraph 46 of Plaintiff's Complaint and demand strict proof thereof;

## IX.   INJURIES AND COMPENSATORY DAMAGES

45.     That, in response to Paragraph 47 of Plaintiff's Complaint, these Defendants readopt and reaffirm their responses to Paragraphs 1 through 46 of Plaintiff's Complaint;

46.     That these Defendants deny the allegations contained within Paragraph 48 of Plaintiff's Complaint and demand strict proof thereof;

47.     That these Defendants deny the allegations contained within Paragraph 49 of Plaintiff's Complaint, including subparts (a) through (f), and demand strict proof thereof;

48.     That these Defendants deny the allegations contained within Paragraph 50 of Plaintiff's Complaint and demand strict proof thereof;

## X.   DEMAND FOR JURY TRIAL

49.     That, in response to Paragraph 51 of Plaintiff's Complaint, these Defendants concur with Plaintiff and respectfully request a trial by jury on all issues of fact arising herein;

## XI.   DEMAND & PRAYER

50.     That these Defendants deny Plaintiff is entitled to the damages sought in his Prayer for Relief as set forth in Paragraph 52 of Plaintiff's Complaint;

51.     That these Defendants deny Plaintiff is entitled to the damages sought in his Prayer for Relief as set forth in Paragraph 53 of Plaintiff's Complaint;

52.     That these Defendants deny all material allegations contained within Plaintiff's Complaint not specifically admitted herein;

## AFFIRMATIVE DEFENSES

53.     That, pleading affirmatively, Plaintiff's Complaint should be dismissed pursuant to Ark. R. Civ. P. Rule 12 (b)(6) for failure to state facts upon which relief may be granted;

54.     That, pleading affirmatively, Plaintiff's Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(4) and 12(b)(5) for insufficiency of process and insufficiency of service of process, respectively;

55.     That, pleading affirmatively, Plaintiff's Complaint should be dismissed pursuant to Ark. R. Civ. P. Rules 12(b)(1), (2) and (3) for lack of jurisdiction over the subject matter and person and improper venue;

56.     That, pleading affirmatively, these Defendants state any and all injuries allegedly sustained by Plaintiff were proximately caused by his own negligence in failing to exercise ordinary care under the circumstances as they existed at all times pertinent hereto and such negligence serves as a complete bar to any recovery Plaintiff might have, or, in the alternative, diminishes his recovery by his pro rata share of fault;

57.     That these Defendants affirmatively plead the applicability of the Civil Justice Reform Act of 2003, including Ark. Code Ann. § 16-55-201, Act 1116 of 2013, Acts of Arkansas, and revisions to Rules 9, 49 and 52 of the Arkansas Rules of Civil Procedure as set forth in the August 7, 2014 Per Curiam Order of the Arkansas Supreme Court, and state these Defendants may be held liable only for the amount of damages, if any, allocated to these Defendants in direct proportion to their individual and several percentage of total fault, if any, all of which liability is expressly denied;

58.    That, pleading affirmatively, these Defendants state any and all injuries allegedly sustained by Plaintiff were proximately caused by the negligence of person(s) or entity(ies) over whom or which these Defendants had no control and, thus, no legal liability;

59.    That, pleading affirmatively, these Defendants state that John Does 1-3 and John Doe Entities 1-3 who are the currently unknown were contributorily at fault under the circumstances, and, therefore, these Defendants respectfully request an assessment of percentage of fault on John Does 1-3 and John Doe Entities 1-3 be considered by the trier of fact and that damages awarded Plaintiff by these Defendants, if any, be reduced by that amount;

60.    That, pleading affirmatively, these Defendants plead any and all defenses which may be applicable pursuant to Ark. R. Civ. P. Rule 8(c), including, but not limited to, comparative fault, contributory negligence, estoppel, laches, payment, release, statute of limitations, and waiver;

61.    That these Defendants specifically and affirmatively move to dismiss Plaintiff's claim for punitive damages as set forth in Plaintiff's Complaint, affirmatively pleading Plaintiff's Complaint fails to plead any facts that support a cause of action for punitive damages;

62.    That these Defendants specifically and affirmatively plead Plaintiff's allegations are conclusory statements and not factual allegations and are, therefore, insufficient to support a cause of action for punitive damages and Plaintiff's claim for

punitive damages should be dismissed for failure to state facts upon which relief can be granted;

63.     That, pleading further, alternatively, and by way of affirmative defense, these Defendants plead the defense of unconstitutionality, in that any award of punitive or exemplary damages would constitute the imposition of a criminal penalty without the safeguards guaranteed by the Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States, and similar provisions of the Arkansas Constitution; that furthermore, the imposition of such punitive or exemplary damages constitutes an excessive fine under the Eighth Amendment, denies a defendant equal protection of the law under the Fourteenth Amendment, and violates the due process clauses of the Fifth and Fourteenth Amendments; that these Defendants plead that any claim by Plaintiffs for punitive or exemplary damages should be stricken as unconstitutional and that any award of punitive or exemplary damages should be set aside for the reasons stated above;

64.     That, pleading further, alternatively, and by way of affirmative defense, these Defendants would show that the imposition of punitive damages sought by Plaintiff violates a defendant's rights to due process and equal protection under the Fourteenth Amendment of the United States Constitution, to due course of law and equal protection under the Arkansas Constitution, and the prohibition against excessive fines in the Arkansas Constitution, in that:

(a)     Arkansas law and the Arkansas punitive damage scheme, both facially and as applied in this case, provide no constitutionally adequate or meaningful

standards to guide a jury or the court in determining whether, and if so in what amount, to award punitive damages; there is no sufficiently clear definition of the conduct or mental state that makes punitive damages permissible, and no sufficiently clear standard for determining the appropriate size of an award; that Arkansas law and the Arkansas punitive damage scheme leave the determination whether to award and, if so, the amount of punitive damages to the arbitrary discretion of the trier of fact without providing adequate or meaningful guidelines for or limits to the exercise of that discretion;

(b)     These Defendants had no notice of or means of ascertaining whether, or if so in what amount, it might be subject to a penalty for the conduct alleged by Plaintiff in this case; that lack of notice was compounded by the absence of any adequate or meaningful standards as to the kind of conduct that might subjects these Defendants to punitive damages or as to the potential amount of such an award;

(c)     Under Arkansas law and the Arkansas punitive damage scheme, the jury is not instructed on the limits on punitive damages imposed by the purposes for which such damages are assessed;

(d)     Under Arkansas law and the Arkansas punitive damage scheme, the jury is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of a defendant;

(e)     No provision of Arkansas law or the Arkansas punitive damage scheme provides adequate procedural safeguards consistent with the criteria set forth in *BMW*

11

*of North America, Inc. v. Gore,* 517 U.S. 559 (1996); *Pacific Mutual Life Insurance Company v. Haslip,* 499 U.S.1 (1990), and *Matthews v. Eldridge,* 424 U.S. 319 (1976) for the imposition of a punitive award;

(f)     Arkansas law and the Arkansas punitive damage scheme do not provide for adequate post-trial review of punitive damage awards or the amount thereof, and do not provide objective standards for such review;

(g)     Arkansas law and the Arkansas punitive damage scheme do not provide for adequate appellate review of punitive damage awards or the amount thereof, and do not provide objective standards for such review; and

(h)     In the admission of evidence, the standards provided the trier of fact (including jury instructions), and post-trial and appellate review, Arkansas law and the Arkansas punitive damage scheme place undue emphasis on a defendant's wealth as a basis for making and enhancing a punitive damage award, and do not require that the award not be based on any desire to redistribute wealth;

65.     That, pleading further, alternatively, and by way of affirmative defense, these Defendants would show that the net effect of Arkansas' punitive damage system is to impose punitive damages in an arbitrary and discriminatory manner; that the lack of adequate guidelines or review and undue emphasis on a defendant's wealth inevitably lead to variations in result without any rational basis for differentiation, and without serving any legitimate governmental purpose or interest; that, as a result, the federal and state (U.S. Const, Amend 14; Arkansas Const.) constitutional mandates for equal protection are violated;

66.     That, pleading further, alternatively, and by way of affirmative defense, these Defendants would show that, insofar as the punitive damage award sought by Plaintiff seeks to impose punitive damages under Arkansas law for conduct in other states, the award violates:

(a)     Defendant's rights to due process and due course of law under the Fourteenth Amendment of the United States Constitution and the Arkansas Constitution;

(b)     The dormant or negative commerce clause derived from Article 1, section 8, clause 3 of the United States Constitution;

(c)     The Full Faith and Credit Clause of Article IV, section 1 of the United States Constitution;

(d)     The requirement of the United States Constitution that a state respect the autonomy of other states within their spheres; and

(e)     The prohibition against excessive fines in the Arkansas Constitution;

67.     That, these Defendants move for a bifurcated proceeding pursuant to Rule 42 of the Arkansas Rules of Civil Procedure on any remaining issues of punitive damages;

68.     That, pursuant to Ark. Code Ann. §16-55-211, and, in the event the fact finder first determines that Plaintiff is entitled to compensatory damages, these Defendants request a bifurcated proceeding so that the fact finder may then determine whether and in what amount punitive damages will be awarded;

69.     That these Defendants reserves the right to amend their Answer herein and plead further pending the completion of discovery;

WHEREFORE, Separate Defendants, Good Luck Express, LLC and Jabaron Sanders, pray the Complaint of Plaintiff, Marcus A. Choate, be dismissed; for their attorneys' fees and costs expended herein; for a trial by jury on all issues of fact arising herein; and for all other just and proper relief to which they may be entitled.

Respectfully submitted,

BARBER LAW FIRM PLLC
425 West Capitol Avenue, Suite 3400
Little Rock, Arkansas 72201-3483
Telephone: (501) 372-6175
Facsimile: (888) 412-3288
Email:  ccunningham@barberlawfirm.com

BY:     _____
J. Cotten Cunningham, ABN 97238

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed with the Clerk of Court of Clark County Circuit Court using eFlex, the Arkansas Judiciary's e-filing system, who shall send notification of such filing to the below counsel, and that, therefore, a true and correct copy of the foregoing has been served on this, the 24th day of June, 2022, via electronic mail upon counsel:

jlogan@rainfirm.com
Jake M. Logan, ABN 2016133
RAINWATER HOLT & SEXTON, P.A.
801 Technology Drive
Post Office Box 17250
Little Rock, Arkansas 72222

_____
J. Cotten Cunningham